UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JULIO CÉSAR ZÚÑIGA MEDINA,
Petitioner,

v.

CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States, in their official capacities,
Respondents.

Case No.: 3:26-cv-04804-LEK-BJW

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Before this Court is Petitioner Julio César Zúñiga Medina's ("Petitioner") Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed on August 24, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, Senior Warden, Otay Mesa Detention Center; Patrick Divver, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement ("ICE"); Acting Director, ICE; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Acting Attorney General of the United States, in their official capacities ("Respondents"), filed a response to the Petition ("Response") on August 31, 2026. [Dkt. no. 5.] While this Court acknowledges that the

time to file an optional reply has not yet passed, upon review of the Petition and the Response, this Court finds that additional argument is not necessary.

## BACKGROUND

Petitioner, a native and citizen of Nicaragua, entered the United States on March 11, 2022. Petitioner was initially taken into immigration custody, but he was released on his own recognizance on March 15, 2022. See Petition at ¶¶ 49-52. Petitioner's DHS Order of Release on Recognizance, dated March 15, 2022 and acknowledged by Petitioner on March 22, 2022 ("Form I-220A"), stated: "You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act[[1]] and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply" with the conditions specified in the Form I-220A. See Petition, dkt. no. 1-2 at PageID.50 (Form I-220A).[2] The Form I-220A also contained the following warning: "Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security." See id. (emphasis omitted).

On May 29, 2023, Petitioner submitted an application for asylum ("Form I-589"), asserting that he feared persecution in Nicaragua. See Petition, dkt. no. 1-2 at PageID.31-39 (Form I-589). Petitioner was later placed in removal proceedings, and he was issued a

---

[1] Section 236 of the Immigration and Nationality Act ("INA") is codified at Title 8 United States Code Section 1226.

[2] Docket number 1-2, referred to in the docket as Petitioner's "Exhibit," is a collection of documents, some of which correspond to the exhibits that are identified as Exhibits A through H in Petitioner's Index of Exhibits ("Index"), see Petition at pg. 19, and some of which do not correspond with the listed exhibits. In addition, the exhibits in docket number 1-2 are not labeled and do not appear in the order in which they are listed in the Index. Therefore, the citations in this Order will not use the letters assigned to the exhibits in the Index.

Notice to Appear, dated July 13, 2025. See Petition at ¶¶ 66-67; see also Petition, dkt. no. 1-2 at PageID.51-54 (Notice to Appear).

On July 5, 2026, in Florida, Petitioner was detained by ICE when he appeared for an immigration check-in. He was transferred from the ICE office in Miami, Florida, to the Krome North Service Processing Center. See Petition at ¶¶ 74-75; Petition, dkt. no. 1-2 at PageID.27 (ICE Notice to EOIR: Alien Address, dated 7/6/26). Petitioner argues there is no evidence in the record that: he was given notice of the proposed revocation of his release before he was re-detained; a written allegation that Petitioner violated the terms of his release was issued; there was a decision to revoke his release; nor that he was detained pursuant to a warrant. See Petition at ¶¶ 76-79. Petitioner acknowledges that a warrant for his re-detention may exist, but he emphasizes that he was not provided with either the warrant or any other document that was the purported basis for his re-arrest. See id. at ¶ 80.

On July 12, 2026, Petitioner was transferred to the Otay Mesa Detention Center in San Diego, California. See id. at ¶ 81; Petition, dkt. no. 1-2 at PageID.26 (ICE Notice to EOIR: Alien Address, dated 7/12/26). Petitioner remained detained there through the filing of the Petition. See Petition at ¶ 17.

Petitioner's removal proceedings remain pending, and his master calendar hearing before the immigration court is scheduled for March 22, 2028. See id. at ¶¶ 71-72; see also Petition, dkt. no. 1-2 at PageID.28 (first page of United States Department of Justice Executive Office for Immigration Review Miami Immigration Court Notice of In-Person Hearing, dated 1/28/26). Thus, there is no final order of removal against Petitioner at this time. See Petition at ¶ 73.

Petitioner's primary argument is that his re-detention is unlawful, in that it violates: his due process rights, [id. at pgs. 14-15]; the INA, specifically Title 8 United States Code Section 1226(a); [id. at pg. 13;] and the INA's implementing regulations, specifically Title 8 Code of Federal Regulations Section 1236.1(c)(9), [id. at pgs. 15-16].

Petitioner also argues DHS's decision to re-detain him was an arbitrary and capricious agency action that is subject to review under the Administrative Procedure Act ("APA") or in an ultra vires challenge. [Id. at pg. 16.] Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 17.

Respondents acknowledge that, "[o]n July 30, 2026, the Ninth Circuit [Court of Appeals] held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] Respondents also "acknowledge[] that Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." [Id. at 1-2.] While "Respondents do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," [id. at 2,] they also do not expressly oppose Petitioner's request for immediate release.

## DISCUSSION

There is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. See Response at 1-2. Accordingly, this Court turns to Petitioner's argument that he is entitled to immediate release.

While Respondents request that this Court decline to address Petitioner's due process and APA arguments, see id. at 2 n.1, they do not request that this Court deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's re-detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process

rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[3]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his release on his own recognizance was being revoked before he was summarily detained on July 5, 2026 at an immigration check-in. See Petition at ¶¶ 74-75. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's re-detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[4]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 18. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of

---

[3] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[4] This Court need not address Petitioner's APA/ultra vires claim, [Petition at pg. 16,] because the Petition can be resolved based on Rodriguez Vazquez and on due process grounds.

judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner Julio César Zúñiga Medina's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed August 24, 2026, is GRANTED.

Respondents are ORDERED to present Petitioner with the following options for his release: 1) immediate release in this District, no later than **twenty-four hours** after the filing of this Order; or 2) release in or near Miami, Florida by **September 9, 2026.** Respondents are also ORDERED to return to Petitioner all of his belongings immediately upon his release.

Further, Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **September 16, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 2, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>JULIO CÉSAR ZÚÑIGA MEDINA VS. CHRISTOPHER LAROSE ET AL.</u>; CASE NO. 3:26-CV-04804-LEK-BJW; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**